ORIGINAL

1  BROOKE L. KILLIAN (California Bar No. 239298)
   DLA PIPER LLP (US)
2  401 B Street, Suite 1700
   San Diego, CA 92101-4297
3  Tel: 619.699.2700
   Fax: 619.699.2701
4
   Attorneys for Plaintiff
5  Estate of Michael Heiser, et al.

```
┌─────────────────────────────────┐
│            FILED                │
│                                 │
│        NOV 19 2009              │
│                                 │
│   CLERK, U.S. DISTRICT COURT    │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY              ___      DEPUTY  │
└─────────────────────────────────┘
```

6

7

8                 UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | Estate of Michael Heiser, et al.,            CASE NO.   '09 MC 09 4 1

12              Plaintiff,                        NOTICE OF LIS PENDENS PURSUANT
                                                  TO 28 U.S.C. 1605A(G)
13         v.
                                                  Date: N/A
14 | Islamic Republic of Iran, et al.,            Time: N/A

15              Defendant.

16 | Estate of Millard D. Campbell, et al.,

17              Plaintiff,

18         v.

19 | Islamic Republic of Iran, et al.,

20              Defendant.

21

22

23

24

25

26

27

28

**NOTICE OF *LIS PENDENS***

PURSUANT TO 28 U.S.C. § 1605A(g), NOTICE IS HEREBY GIVEN that on December 22, 2006 and September 30, 2009, the Judgment Creditors, (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor;(73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig obtained judgments in the aggregate amount of

-2-

1    $591,089,956.00 (the "Judgments") against the Islamic Republic of Iran, Iranian Ministry of

2    Information and Security, and Iranian Islamic Revolutionary Guard Corps in the United States

3    District Court for the District of Columbia, Consolidated Case Nos. 00-CV-02329 and 01-CV-

4    02104.

5         Pursuant to 28 U.S.C. § 1605A(g), the Plaintiffs hereby provide notice of the Judgments

6    which affect all real property and personal property (including, but not limited to the right to the

7    payment of loan receivables, accounts receivable, and any other intangible obligations) located in

8    this judicial district owned by any of the following persons/entities:

9         1.    ISLAMIC REPUBLIC OF IRAN;

10        2.    IRANIAN MINISTRY OF INFORMATION AND SECURITY;

11        3.    IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS;

12        4.    GOVERNMENT OF IRAN; AND

13        5.    BANK MELLI IRAN

14        6.    ASSA CORPORATION

15        7.    ASSA COMPANY LIMITED

16        8.    THE ALAVI FOUNDATION

17        9.    650 FIFTH AVENUE COMPANY

18        Entities 5-9, inclusive, are agents and/or instrumentalities of the Islamic Republic of Iran

19    pursuant to the facts set forth in the Verified Amended Complaint filed by the United States of

20    America in *United States of America v. All Right, Title, and Interest of Assa Corporation, Assa*

21    *Co. Ltd., Bank Melli Iran, and the Alavi Foundation in 650 Fifth Avenue Co., Including But Not*

22    *Limited To, the Real Property and Appurtenances Located at 650 Fifth Avenue, New York, New*

23    *York, with All Improvements and Attachments Thereon, and All property Traceable Thereto, et*

24    *al.*, United States District Court for the Southern District of New York, Case No. 08 Civ 10934

25    (RJH), which facts are incorporated herein.

26        Attached hereto as Exhibits are true and correct copies of (A-B) the Third Amended

27    Complaints, (C) December 22, 2006 Order & Judgment, (D) January 13, 2009 Order, (E) March

28    /////

1   31, 2009 Order approving this Notice of *Lis Pendens*, and (F) September 30, 2009 Order &

2   Judgment.

3   Dated:  November 19, 2009

4                       DLA PIPER LLP (US)

5

6                       By _____

                               BROOKE L. KILLIAN

7                               Attorneys for Plaintiff

                               Estate of Michael Heiser, et al.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

ESTATE OF MICHAEL HEISER, et al.

            Plaintiffs

v.

ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran

and

THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

and

THE IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORPS
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

            Defendants

Case No.

00-CV-02329 (TPJ) (DAR)

**THIRD AMENDED COMPLAINT**

      On June 25, 1996, Hizbollah terrorists detonated a 5,000 pound truck bomb outside of Khobar Towers, a United States military complex in Dhahran, Saudi Arabia. The blast from this bomb sheared-off the entire face of the Khobar Towers complex, shattered windows up to a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-feet wide and thirty-five feet deep. It killed nineteen Air Force

servicemen. Plaintiffs are the Estates and family members of five servicemen who were killed in the attack.[1]

The Hizbollah terrorist organization is a creation and agent of the Islamic Republic of Iran, which has provided Hizbollah with funds, training, and direction for over fifteen years. In 1995, Hizbollah began plotting a terrorist attack against United States interests in Saudi Arabia. It selected a target, developed a scheme for the attack, purchased explosives and triggering devices, and ultimately detonated a bomb outside of Khobar Towers. Under United States law, the Islamic Republic of Iran – which funds, trains, and directs Hizbollah through the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps – is responsible for this terrorist attack and for the murder of Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh (collectively, "Decedents").

Plaintiffs move for judgment against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard Corps, jointly and severally. In support of their Complaint, Plaintiffs allege as follows:

---

[1] Plaintiffs include (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Frances Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; and (18) James V. Wetmore. This case has been consolidated for trial with Campbell et al. v. Islamic Republic of Iran et al., Case No. 01-CV02104 (TPJ). Collectively, the Heiser and Campbell plaintiffs represent the families of 17 of the 19 servicemen who were killed in the Khobar Towers attack.

## JURISDICTION, VENUE,
## CHOICE OF LAW, AND CAUSES OF ACTION

1.     Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7).

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a)(2).

3.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4.     Actions for wrongful death, personal injury, intentional infliction of emotional distress, and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees, and agents – within the meaning of 28 U.S.C. § 1605(a)(7) – are unique causes of actions arising out of federal counter-terrorism statutes and are controlled by federal law.

5.     The Causes of Action contained in the seven Counts later enumerated in this Third Amended Complaint are based on the following sources of law:

A.     28 U.S.C. § 1605(a)(7) and the Flatow Amendment;

B.     28 U.S.C. § 1606, solely as to the Islamic Republic of Iran;

C.     Federal common law;

D.     International law, as set forth primarily in §§ 701 and 702 of the Restatement (Third) of the Foreign Relations Law.    In this instance, Defendants violated a definable, universal, and obligatory norm of an international character accepted by the civilized world. One who commits an extra-judicial murder by terrorism is *hostis humani generis*, an enemy of all mankind;

E.     State wrongful death and survival laws, whether statutory or common law; and

F.   State common law with respect to intentional infliction of emotional distress.

## THE PARTIES

6.   Plaintiff the Estate of Michael Heiser is the legal entity created to recover damages on behalf of Michael Heiser, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiffs Gary Heiser and Frances Heiser are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Michael Heiser, deceased.

7.   Plaintiff Gary Heiser is a United States citizen and a domiciliary of the State of Florida.  He is the father of Michael Heiser, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

8.   Plaintiff Fran Heiser is a United States citizen and a domiciliary of the State of Florida.  She is the mother of decedent Michael Heiser, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

9.   Plaintiff the Estate of Leland Timothy Haun is the legal entity created to recover damages on behalf of Leland Timothy Haun, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Ibis S. Haun is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Leland Timothy Haun, deceased.

10.   Plaintiff Ibis S. Haun is a United States citizen and a domiciliary of the State of Florida.  She is the wife of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

11.    Plaintiff Milagritos Perez-Dalis is a United States citizen and a domiciliary of the State of Arizona.  She is the step-daughter of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

12.    Plaintiff Senator Haun is a United States citizen and a domiciliary of the State of Arizona.  He is the step-son of Leland Timothy Haun, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

13.    Plaintiff the Estate of Justin R. Wood is the legal entity created to recover damages on behalf of Justin R. Wood, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Richard W. Wood is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Justin R. Wood, deceased.

14.    Plaintiff Richard W. Wood is a United States citizen and a domiciliary of the State of California.  He is the father of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

15.    Plaintiff Kathleen M. Wood is a United States citizen and a domiciliary of the State of California.  She is the mother of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

16.    Plaintiff Shawn M. Wood is a United States citizen and a domiciliary of the State of California.  He is the brother of Justin R. Wood, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

17.    Plaintiff the Estate of Earl F. Cartrette, Jr. is the legal entity created to recover damages on behalf of Earl F. Cartrette, Jr., deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Denise M. Eichstaedt is in the process of

opening the Estate and is expected to be named as Administrator of the Estate of Earl F. Cartrette, Jr., deceased.

18.     Plaintiff Denise M. Eichstaedt is a United States citizen and a domiciliary of the State of Florida.  She is the mother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

19.     Plaintiff Anthony W. Cartrette is a United States citizen and a domiciliary of the State of Florida.  He is a brother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

20.     Plaintiff Lewis W. Cartrette is a United States citizen and a domiciliary of the State of Indiana.  He is a brother of Earl F. Cartrette, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

21.     Plaintiff the Estate of Brian McVeigh is the legal entity created to recover damages on behalf of Brian McVeigh, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiffs Sandra M. Wetmore is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Brian McVeigh, deceased.

22.     Plaintiff Sandra M. Wetmore is a United States citizen and a domiciliary of the State of Florida.  She is the mother of Brian McVeigh, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

23.     Plaintiff James V. Wetmore is a United States citizen and a domiciliary of the State of Florida.  He is the step-father of Brian McVeigh, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

24.     At the time of the acts described in the Complaint, Decedents Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh were citizens of the United States.  Decedents are victims of "extrajudicial killing," as that term is defined in section 3 of the Torture Victims Protection Act of 1991 (28 U.S.C. § 1350 note), pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(1).

25.     Defendant the Islamic Republic of Iran ("Iran") is a foreign state and has been a designated state sponsor of terrorism – pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) – since January 19, 1984.  Iran provides material support and resources to Hizbollah, a politico-paramilitary terrorist organization.  Iran funds, directs, and trains Hizbollah terrorist, and is therefore a sponsor of Hizbollah, within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note.

26.     Defendant the Iranian Ministry of Information and Security ("MOIS") is Iran's intelligence service.  MOIS operates both within and beyond Iran's borders.  MOIS, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – which caused the terrorist attack on Khobar Towers, as described below.  Specifically, MOIS provided funds, training, and direction to Hizbollah for its terrorist activities, including the June 25, 1996, terrorist attack on Khobar Towers.

27.     On several occasions over the past few years, this Court has held Iran and MOIS liable – as foreign state sponsors of international terrorism, pursuant to 28 U.S.C. 1605(a)(7) –

for Hizbollah's terrorist acts and killings.[2]   Iran and MOIS are, therefore, collaterally estopped from denying that they are liable for Hizbollah's actions.

28.    Defendant, the Iranian Islamic Revolutionary Guard Corps, (the "IRGC"), is a non-traditional agency of Iran.  The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran and functions as an intelligence organization, both within and beyond Iran's borders.  The IRGC exerts considerable influence on the government policies of Iran.  It has become a powerful military instrument for defending and furthering Iran's Islamic fundamentalist revolution and is dedicated to the export of Islamic fundamentalist principles throughout the world through acts of terrorism.  The IRGC, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – in providing funds, training, and direction to Hizbollah for its terrorists activities, including the June 25, 1996, terrorist attack on Khobar Towers, as described below.

29.    This Court found the IRGC liable – as a foreign state sponsor of terrorism under 28 U.S.C. § 1605(a)(7) – for Hizbollah's terrorist acts and killings in <u>Surette v. Islamic Republic of Iran</u>, Case No. 01-0570 (D.D.C. 2002), and <u>Higgins v. Islamic Republic of Iran</u>, Case No. 99-

---

[2]   See, e.g., <u>Surette v. Islamic Republic of Iran</u>, Civil Action No. 01-0570 (D.D.C. November 1, 2002); <u>Carlson v. Islamic Republic of Iran</u>, Civil Action No. 00-01309 (D.D.C. April 19, 2002); <u>Stethem v. Islamic Republic of Iran</u>, Civil Action No. 00-0159 (D.D.C. April 19, 2002); <u>Wagner v. Islamic Republic of Iran</u>, 172 F. Supp.2d 128 (D.D.C. 2001); <u>Jenco v. Islamic Republic of Iran</u>, 2001 WL 871766 (D.D.C. November 1, 2001); <u>Polhill v. Islamic Republic of Iran</u>, Civil Action No. 00-1789 (D.D.C. August 23, 2001); <u>Sutherland v. Islamic Republic of Iran</u>, 151 F. Supp.2d 27 (D.D.C. 2001); <u>Anderson v. Islamic Republic of Iran</u>, 90 F. Supp.2d 107 (D.D.C. 2000); and <u>Higgins v. Islamic Republic of Iran</u>, Case No. 1:99cv00377 (D.D.C. September 21, 2000).

0377 (D.D.C. 2000). The IRGC is, therefore, collaterally estopped from denying that it is liable for Hizbollah's actions.

## STATEMENT OF FACTS

30.    In the early 1980's, Iran developed a program of carefully planned terrorist acts designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in planning, supporting, and executing these acts were MOIS and the IRGC.

31.    Around this same time, Iran – through MOIS and the IRGC – established Hizbollah as a terrorist organization tasked with spreading Islamic fundamentalism and destabilizing governments through terrorist acts, such as kidnapping, torture, and murder. MOIS and the IRGC provided funding, training, and equipment to Hizbollah and enabled it to pursue and achieve its goals, through the use of terrorism.

32.    By the early 1990's, Hizbollah established operations in a number of countries utilizing the tactics and training taught to them in Iran and at facilities outside of Iran, which were established, operated, and supported by Iran through MOIS and the IRGC.

33.    In the early 1990's, the United States military developed a presence in Saudi Arabia. Iran viewed the presence of United States personnel, including members of the United States armed forces, as supportive of the Saudi monarchy. Iran believed that the Saudi monarchy was pro-Western and corrupt and that a large-scale terrorist operation designed to kill Americans would result in both revolution and the establishment of an Islamic Republic of Saudi Arabia.

The Iranian government, acting through MOIS and the IRGC and in concert with Hizbollah, began preparations for the bombing of a target associated with American interests.

34.     In 1995, Iran, through MOIS and the IRGC, began months of preparation for such an operation.  Hizbollah operatives began to scout potential United States targets in Saudi Arabia.  Shipments of explosives were smuggled into Saudi Arabia and stored.  An elaborate professional intelligence network was established to carry out the bombing.

35.     By June 1996, bomb components, including high explosives, incendiary materials, and sophisticated fuses and tools used for the bomb assembly, arrived in Saudi Arabia. Agents of Defendants Iran, MOIS, and the IRGC selected and approved a target in Dhahran, Saudi Arabia, to be destroyed by Hizbollah agents:  Khobar Towers, a multi-story apartment building in the al-Khobar section of Dhahran, which housed United States Air Force and other United States military personnel.

36.     In June 1996, Decedents, Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Senior Airman Earl F. Cartrette, Jr., and Airman First-Class Brian McVeigh were United States citizens and members of the United States Air Force.  They were stationed in Dhahran, Saudi Arabia, and resided in Khobar Towers. Decedents were tasked with enforcing the "no-fly zone" in southern Iraq.

37.     On the evening of June 25, 1996, two Hizbollah terrorists parked a stolen Mercedes Benz tanker truck containing a 5,000 pound bomb outside of the American sector of the Khobar Towers complex.  They parked the truck approximately 80 to 100 feet from the

complex.  The two terrorists then escaped in a stolen getaway car.  Minutes later, the bomb exploded.

38.     The blast from the explosion sheared-off the entire face of the Khobar Towers complex, shattered windows a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-five feet wide and thirty-five feet deep.

39.     The explosion killed nineteen United States Air Force servicemen, including Master Sergeant Michael Heiser, Captain Leland Timothy Haun, Airman First-Class Justin R. Wood, Airman First-Class Brian McVeigh, and Senior Airman Earl F. Cartrette, Jr.

## COUNT I
## WRONGFUL DEATH

40.     Paragraphs 1 through 39 are incorporated herein as if fully set forth.

41.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Michael Heiser, Leland Timothy Haun, Justin R. Wood, Brian McVeigh, and Earl F. Cartrette, Jr. were killed by the explosion of a bomb deliberately detonated by Hizbollah outside of the Khobar Towers complex in Dhahran, Saudi Arabia.

42.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

43.     As a proximate result of these acts, Plaintiffs have been injured.

44.    For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT II
## SURVIVAL ACTION

45.    Paragraphs 1 through 44 are incorporated herein as if fully set forth.

46.    Before their deaths, Decedents Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh suffered extreme bodily pain and suffering as a result of the Khobar Towers bombing, thereby entitling their Estates to compensatory damages.

47.    Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

48.    As a proximate result of these acts, Plaintiffs have been injured.

49.    For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Decedent's Estate.

## COUNT III
## ECONOMIC DAMAGES

50. Paragraphs 1-49 are incorporated herein as if fully set forth.

51. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Plaintiffs incurred economic damages through the deprivation of Decedents' income.

52. Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

53. As a proximate result of these acts, Plaintiffs have been injured.

54. For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in an amount to be determined at trial for each Decedent's Estate.

## COUNT IV
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

55. Paragraphs 1-54 are incorporated herein as if fully set forth.

56. The act of detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill Americans and to cause emotional distress and grief to the Plaintiffs, and which, in fact, did kill Americans Michael Heiser, Leland Timothy Haun, Justin

R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh, constituted extreme and outrageous conduct on the part of Hizbollah members and agents and all Defendants.

57.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiffs suffered extreme emotional distress, including extreme mental anguish, grief, and emotional and physical pain and suffering.

58.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

59.     As a proximate result of these acts, Plaintiffs have been injured.

60.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT V
## LOSS OF CONSORTIUM

61.     Paragraphs 1-60 are incorporated herein as if fully set forth.

62.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Ibis S. Haun was deprived of the assistance, society,

companionship, and consortium of her husband, Leland Timothy Haun.  This loss caused Ibis S. Haun to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

Plaintiff Ibis S. Haun demands that judgment be entered, jointly and severally, against Iran, MOIS, and the IRGC, in the amount of TEN MILLION DOLLARS ($10,000,000).

### COUNT VI
### SOLATIUM

63.     Paragraphs 1-62 are incorporated herein as if fully set forth.

64.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Frances Heiser and Gary Heiser were deprived of the assistance, society, and companionship of their son, Michael Heiser.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

65.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiff Ibis S. Haun, Milagritos Perez-Dalis, and Senator Haun were deprived of the assistance, society, and companionship of their husband and step-father, Leland Timothy Haun.  This loss caused them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

66.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Richard W. Wood, Kathleen M. Wood, and Shawn M. Wood were deprived of the assistance, society, and companionship of their son and brother, Justin R. Wood. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

67.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Denise M. Eichstaedt, Anthony W. Cartrette, and Lewis W. Cartrette were deprived of the assistance, society, and companionship of their son and brother, Earl F. Cartrette, Jr. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

68.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Sandra M. Wetmore and James V. Wetmore were deprived of the assistance, society, and companionship of their son and step-son, Brain McVeigh. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

69.     For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against the defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT VII
## PUNTIVE DAMAGES

70.     Paragraphs 1-69 are incorporated herein as if fully set forth.

71.     The actions of Defendants Iran, MOIS, and the IRGC, acting in concert to carry out their unlawful objectives, were malicious and willful, wanton, and reckless in their disregard of the lives of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh.  Defendants intended to carry out actions that would end the lives of persons residing in the Khobar Towers complex, including the lives of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh. Hizbollah's actions were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and those Defendants are, therefore, vicariously liable to Plaintiffs.

72.     Defendants MOIS, and the IRGC are officials, agents, and/or employees of Iran who performed acts within the scope of their offices, agencies, and/or employment, which caused the extrajudicial killings of Michael Heiser, Leland Timothy Haun, Justin R. Wood, Earl F. Cartrette, Jr., and Brian McVeigh.

73.     For the reasons stated above, Defendants MOIS, and the IRGC, are jointly and severally liable to Plaintiffs.

Plaintiffs collectively demand that judgment be entered against Defendants MOIS, and the IRGC, jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000).

## PRAYER FOR RELIEF

Plaintiffs request that the Court grant judgment in their favor and against Defendants Iran, MOIS, and the IRGC on Counts I through VII, and grant Plaintiffs:

A.   Compensatory damages against Defendants Iran, MOIS, and the IRGC, in the amount of EIGHT HUNDRED NINETY MILLION DOLLARS ($890,000,000), plus economic damages in an amount to be determined at trial for each of Decedents' Estates;

B.   Punitive damages against Defendants MOIS and the IRGC in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000);

C.   Reasonable costs and expenses;

D.   Reasonable attorneys' fees; and

E.   Such other and further relief that the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,

_____ /s/

Shale D. Stiller, D.C. Bar No. MD00772
Kurt J. Fischer, D.C. Bar No. MD03300
Elizabeth R. Dewey, D.C. Bar No. 445334
Hank B. Walther, D.C. Bar No. 477218
Melissa L. Mackiewicz, D.C. Bar No. MD27005

PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Tel: (202) 861-3941
Fax: (202) 223-2085

Attorneys for Plaintiffs

**July 7, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

ESTATE OF MILLARD D. CAMPBELL, et al.

Plaintiffs

v.

ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran

and

THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

and

THE IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORPS
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

Defendants

Case No.

01-CV-02104 (TPJ) (DAR)

## THIRD AMENDED COMPLAINT

On June 25, 1996, Hizbollah terrorists detonated a 5,000 pound truck bomb outside of Khobar Towers, a United States military complex in Dhahran, Saudi Arabia. The blast from this bomb sheared-off the entire face of the Khobar Towers complex, shattered windows up to a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-feet wide and thirty-five feet deep. It killed nineteen Air Force

EXHIBIT B, PAGE 24

servicemen. Plaintiffs are the Estates and family members of twelve servicemen who were killed in the attack.[1]

The Hizbollah terrorist organization is a creation and agent of the Islamic Republic of Iran, which has provided Hizbollah with funds, training, and direction for over fifteen years. In 1995, Hizbollah began plotting a terrorist attack against United States interests in Saudi Arabia. It selected a target, developed a scheme for the attack, purchased explosives and triggering devices, and ultimately detonated a bomb outside of Khobar Towers. Under United States law, the Islamic Republic of Iran – which funds, trains, and directs Hizbollah through the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps – is responsible for this terrorist attack and for the murder of Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher

---

[1] Plaintiffs include (1) the Estate of Millard D. Campbell, deceased; (2) Marie R. Campbell; (3) Bessie A. Campbell; (4) the Estate of Kevin J. Johnson, deceased; (5) Shyrl L. Johnson; (6) Che G. Colson; (7) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (8) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (9) Laura E. Johnson; (10) Bruce Johnson; (11) the Estate of Joseph E. Rimkus, deceased; (12) Bridget Brooks; (13) James R. Rimkus; (14) Anne M. Rimkus; (15) the Estate of Brent E. Marthaler, deceased; (16) Katie L. Marthaler; (17) Sharon Marthaler; (18) Herman C. Marthaler III; (19) Matthew Marthaler; (20) Kirk Marthaler; (21) Christopher R. Nguyen, individually and as Executor of the Estate of Thanh Van Nguyen, deceased; (22) the Estate of Joshua E. Woody, deceased; (23) Dawn Woody; (24) Bernadine R. Beekman; (25) George M. Beekman; (26) Tracy M. Smith; (27) Jonica L. Woody; (28) Timothy Woody; (29) the Estate of Peter J. Morgera, deceased; (30) Michael Morgera; (31) Thomas Morgera; (32) the Estate of Kendall Kitson, Jr., deceased; (33) Nancy R. Kitson; (34) Kendall K. Kitson; (35) Steve K. Kitson; (36) Nancy A. Kitson; (37) the Estate of Christopher Adams, deceased; (38) Catherine Adams; (39) John E. Adams; (40) Patrick D. Adams; (41) Michael T. Adams; (42) Daniel Adams; (43) Mary Young; (44) Elizabeth Wolf; (45) William Adams; (46) Cecil H. Lester, individually and as Executor of the Estate of Christopher Lester, deceased; (47) Judy Lester; (48) Cecil H. Lester, Jr.; (49) Jessica F. Lester; (50) the Estate of Jeremy A. Taylor, deceased; (51) Lawrence E. Taylor; (52) Vickie L. Taylor; (53) Starlina D. Taylor; (54) the Estate of Patrick P. Fennig, deceased; (55) Thaddeus C. Fennig; (56) Catherine Fennig; (57) Paul D. Fennig; and (58) Mark Fennig. This case has been consolidated for trial with Heiser et al. v. Islamic Republic of Iran et al, Case No. 00-CV02329 (TPJ). Collectively, the Campbell and Heiser plaintiffs represent the families of 17 of the 19 servicemen who were killed in the Khobar Towers attack.

Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig (collectively, "Decedents").

Plaintiffs move for judgment against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, jointly and severally. In support of their Complaint, Plaintiffs allege as follows:

**JURISDICTION, VENUE,**
**CHOICE OF LAW, AND CAUSES OF ACTION**

1.      Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7).

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a)(2).

3.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4.      Actions for wrongful death, personal injury, intentional infliction of emotional distress, and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees, and agents – within the meaning of 28 U.S.C. § 1605(a)(7) – are unique causes of actions arising out of federal counter-terrorism statutes and are controlled by federal law.

5.      The Causes of Action contained in the seven Counts later enumerated in this Third Amended Complaint are based on the following sources of law:

A.      28 U.S.C. § 1605(a)(7) and the Flatow Amendment;

B.      28 U.S.C. § 1606, solely as to the Islamic Republic of Iran;

C.      Federal common law;

D.      International law, as set forth primarily in §§ 701 and 702 of the Restatement (Third) of the Foreign Relations Law. In this instance, Defendants violated a definable, universal, and obligatory norm of an international character accepted by the civilized world. One who commits an extra-judicial murder by terrorism is *hostis humani generis*, an enemy of all mankind;

E.      State wrongful death and survival laws, whether statutory or common law; and

F.      State common law with respect to intentional infliction of emotional distress.

## THE PARTIES

6.      Plaintiff the Estate of Millard D. Campbell is the legal entity created to recover damages on behalf of Millard D. Campbell, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Marie R. Campbell is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Millard D. Campbell, deceased.

7.      Plaintiff Marie R. Campbell is a United States citizen and a domiciliary of the State of Texas. She is the wife of Millard D. Campbell, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

8.      Plaintiff Bessie A. Campbell is a United States citizen and a domiciliary of the State of Texas. She is the mother of Millard D. Campbell, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

9.      Plaintiff the Estate of Kevin J. Johnson is the legal entity created to recover damages on behalf of Kevin J. Johnson, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Shyrl L. Johnson is in the process of opening

the Estate and is expected to be named as Administrator of the Estate of Kevin J. Johnson, deceased.

10.     Plaintiff Shyrl L. Johnson is a United States citizen and a domiciliary of the State of Florida. She is the wife of decedent Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

11.     Plaintiff Che G. Colson is a United States citizen and a domiciliary of the State of Florida. He is the step-son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

12.     Plaintiff Kevin Johnson is a United States citizen and a domiciliary of the State of Florida. He is a son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers. Kevin Johnson is a minor and Shyrl L. Johnson, his mother, is representing Kevin Johnson's interests as legal guardian.

13.     Plaintiff Nicholas A. Johnson is a United States citizen and a domiciliary of the State of Florida. He is a son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers. Nicholas A. Johnson is a minor and Shyrl L. Johnson, his mother, is representing Nicholas A. Johnson's interests as legal guardian.

14.     Plaintiff Laura E. Johnson is a United States citizen and a domiciliary of the State of Louisiana. She is the mother of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

15.     Plaintiff Bruce Johnson is a United States citizen and a domiciliary of the State of Louisiana. He is the brother of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

16.     Plaintiff the Estate of Joseph E. Rimkus is the legal entity created to recover damages on behalf of Joseph E. Rimkus, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Bridget Brooks is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Joseph E. Rimkus, deceased.

17.     Plaintiff Bridget Brooks is a United States citizen and a domiciliary of the State of Florida. She is the mother of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

18.     Plaintiff James R. Rimkus is a United States citizen and a domiciliary of the State of Florida. He is the brother of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

19.     Plaintiff Anne M. Rimkus is a United States citizen and a domiciliary of the State of Florida. She is the sister of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

20.     Plaintiff the Estate of Brent E. Marthaler is the legal entity created to recover damages on behalf of Brent E. Marthaler, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Katie L. Marthaler is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Brent E. Marthaler, deceased.

21.     Plaintiff Katie L. Marthaler is a United States citizen and a domiciliary of the State of Minnesota. She is the wife of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

22.    Plaintiff Sharon Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  She is the mother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

23.    Plaintiff Herman C. Marthaler III is a United States citizen and a domiciliary of the State of Minnesota.  He is the father of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

24.    Plaintiff Mathew Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  He is a brother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

25.    Plaintiff Kirk Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  He is a brother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

26.    Plaintiff Christopher R. Nguyen is a United States citizen and a domiciliary of the State of Ohio.  He is the son of Thanh Van Nguyen, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Christopher R. Nguyen is the Executor of the Estate of Thanh Van Nguyen.

27.    Plaintiff the Estate of Joshua E. Woody is the legal entity created to recover damages on behalf of Joshua E. Woody, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Dawn Woody is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Joshua E. Woody, deceased.

28.    Plaintiff Dawn Woody is a United States citizen and a domiciliary of the State of Oklahoma.  She is the wife of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

29.     Plaintiff Bernadine R. Beekman is a United States citizen and a domiciliary of the State of Georgia.  She is the mother of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

30.     Plaintiff George M. Beekman is a United States citizen and a domiciliary of the State of Georgia.  He is the stepfather of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

31.     Plaintiff Tracy M. Smith is a United States citizen and a domiciliary of the State of Georgia.  She is a sister of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

32.     Plaintiff Jonica L. Woody is a United States citizen and a domiciliary of the State of Maryland.  She is a sister of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

33.     Plaintiff Timothy Woody is a United States citizen and a domiciliary of the State of New York.  He is a brother of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

34.     Plaintiff the Estate of Peter J. Morgera is the legal entity created to recover damages on behalf of Peter J. Morgera, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Michael Morgera is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Peter J. Morgera, deceased.

35.     Plaintiff Michael Morgera is a United States citizen and a domiciliary of the State of New Hampshire.  He is a brother of Peter J. Morgera, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

36.     Plaintiff Thomas Morgera is a United States citizen and a domiciliary of the State of New Hampshire. He is a brother of Peter J. Morgera, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

37.     Plaintiff the Estate of Kendall Kitson, Jr. is the legal entity created to recover damages on behalf of Kendall Kitson, Jr., deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiffs Nancy R. Kitson and Kendall K. Kitson are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Kendall Kitson, Jr., deceased.

38.     Plaintiff Nancy R. Kitson is a United States citizen and a domiciliary of the State of Florida. She is the mother of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

39.     Plaintiff Kendall K. Kitson is a United States citizen and a domiciliary of the State of Florida. He is the father of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

40.     Plaintiff Steve K. Kitson is a United States citizen and a domiciliary of the State of Oklahoma. He is the brother of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

41.     Plaintiff Nancy A. Kitson is a United States citizen and a domiciliary of the State of Oklahoma. She is the sister of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

42.     Plaintiff the Estate of Christopher Adams is the legal entity created to recover damages on behalf of Christopher Adams, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Catherine Adams is in the process of

opening the Estate and is expected to be named as Administrator of the Estate of Christopher Adams, deceased.

43.     Plaintiff Catherine Adams is a United States citizen and a domiciliary of the State of New York.  She is the mother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

44.     Plaintiff John E. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

45.     Plaintiff Patrick D. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

46.     Plaintiff Michael T. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

47.     Plaintiff Daniel Adams is a United States citizen and a domiciliary of the State of New York.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

48.     Plaintiff Mary Young is a United States citizen and a domiciliary of the State of New York.  She is a sister of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

49.     Plaintiff Elizabeth Wolf is a United States citizen and a domiciliary of the State of New York.  She is a sister of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

50.     Plaintiff William Adams is a United States citizen and a domiciliary of the State of New York.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

51.     Plaintiff Cecil H. Lester is a United States citizen and a domiciliary of the State of West Virginia.  He is the father of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Cecil H. Lester is the Executor of the Estate of Christopher Lester.

52.     Plaintiff Judy Lester is a United States citizen and a domiciliary of the State of West Virginia.  She is the mother of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

53.     Plaintiff Cecil H. Lester, Jr. is a United States citizen and a domiciliary of the State of West Virginia.  He is the brother of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

54.     Plaintiff Jessica F. Lester is a United States citizen and a domiciliary of the State of West Virginia.  She is the sister of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

55.     Plaintiff the Estate of Jeremy A. Taylor is the legal entity created to recover damages on behalf of Jeremy A. Taylor, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Lawrence E. Taylor is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Jeremy A. Taylor, deceased.

56.     Plaintiff Lawrence E. Taylor is a United States citizen and a domiciliary of the State of Kansas. He is the father of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

57.     Plaintiff Vickie L. Taylor is a United States citizen and a domiciliary of the State of Kansas. She is the mother of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

58.     Plaintiff Starlina D. Taylor is a United States citizen and a domiciliary of the State of Kansas. She is the sister of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

59.     Plaintiff the Estate of Patrick P. Fennig is the legal entity created to recover damages on behalf of Patrick P. Fennig, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiffs Thaddeus C. Fennig and Catherine Fennig are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Patrick P. Fennig, deceased.

60.     Plaintiff Thaddeus C. Fennig is a United States citizen and a domiciliary of the State of Wisconsin. He is the father of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

61.     Plaintiff Catherine Fennig is a United States citizen and a domiciliary of the State of Wisconsin. She is the mother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

62.     Plaintiff Paul D. Fennig is a United States citizen and a domiciliary of the State of Wisconsin. He is the brother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

63.    Plaintiff Mark Fennig is a United States citizen and a domiciliary of the State of Wisconsin. He is the brother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

64.    At the time of the acts described in the Complaint, Decedents, Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig were citizens of the United States. The Decedents are victims of "extrajudicial killing," as that term is defined in section 3 of the Torture Victims Protection Act of 1991 (28 U.S.C. § 1350 note), pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(1).

65.    Defendant the Islamic Republic of Iran ("Iran") is a foreign state and has been a designated state sponsor of terrorism – pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) – since January 19, 1984. Iran provides material support and resources to Hizbollah, a politico-paramilitary terrorist organization. Iran funds, directs, and trains Hizbollah terrorists, and is therefore a sponsor of Hizbollah, within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note.

66.    . Defendant the Iranian Ministry of Information and Security ("MOIS") is Iran's intelligence service. MOIS operates both within and beyond Iran's borders. MOIS, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – which caused the terrorist attack on Khobar Towers, as

described below.  Specifically, MOIS provided funds, training, and direction to Hizbollah for its

terrorist activities, including the June 25, 1996, terrorist attack on Khobar Towers.

67.     On several occasions over the past few years, this Court has held Iran and MOIS

liable – as foreign state sponsors of international terrorism, pursuant to 28 U.S.C. 1605(a)(7) –

for Hizbollah's terrorist acts and killings.[2]  Iran and MOIS are, therefore, collaterally estopped

from denying that they are liable for Hizbollah's actions.

68.     Defendant the Iranian Islamic Revolutionary Guard Corps (the "IRGC"), is a non-

traditional agency of Iran.  The IRGC, with its own separate ministry, has evolved into one of the

most powerful organizations in Iran and functions as an intelligence organization, both within

and beyond Iran's borders.  The IRGC exerts considerable influence on the government policies

of Iran.  It has become a powerful military instrument for defending and furthering Iran's Islamic

fundamentalist revolution and is dedicated to the export of Islamic fundamentalist principles

throughout the world through acts of terrorism.  The IRGC, acting as an agent of Iran, performed

acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and

1605 note – in providing funds, training, and direction to Hizbollah for its terrorists activities,

including the June 25, 1996, terrorist attack on Khobar Towers, as described below.

---

[2]    See, e.g., Surette v. Islamic Republic of Iran, Civil Action No. 01-0570 (D.D.C. 2002); Carlson v. Islamic
Republic of Iran, Civil Action No. 00-01309 (D.D.C. 2002); Stethem v. Islamic Republic of Iran, Civil Action
No. 00-0159 (D.D.C., 2002); Wagner v. Islamic Republic of Iran, 172 F. Supp.2d 128 (D.D.C. 2001); Jenco v.
Islamic Republic of Iran, 2001 WL 871766 (D.D.C. 2001); Polhill v. Islamic Republic of Iran, Civil Action No.
00-1789 (D.D.C. 2001); Sutherland v. Islamic Republic of Iran, 151 F. Supp.2d 27 (D.D.C. 2001); Anderson v.
Islamic Republic of Iran, 90 F. Supp.2d 107 (D.D.C. 2000); and Higgins v. Islamic Republic of Iran, Case No.
1:99cv00377 (D.D.C. September 21, 2000).

69.     This Court found the IRGC liable – as a foreign state sponsor of terrorism under 28 U.S.C. § 1605(a)(7) – for Hizbollah's terrorist acts and killings in <u>Surette v. Islamic Republic of Iran</u>, Case No. 01-0570 (D.D.C. 2002), and <u>Higgins v. Islamic Republic of Iran</u>, Case No. 99-0377 (D.D.C. 2000). The IRGC is, therefore, collaterally estopped from denying that it is liable for Hizbollah's actions.

## STATEMENT OF FACTS

70.     In the early 1980's, Iran developed a program of carefully planned terrorist acts designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in planning, supporting, and executing these acts were MOIS and the IRGC.

71.     Around this same time, Iran – through MOIS and the IRGC – established Hizbollah as a terrorist organization tasked with spreading Islamic fundamentalism and destabilizing governments through terrorist acts, such as kidnapping, torture, and murder. MOIS and the IRGC provided funding, training, and equipment to Hizbollah and enabled it to pursue and achieve its goals, through the use of terrorism.

72.     By the early 1990's, Hizbollah established operations in a number of countries utilizing the tactics and training taught to them in Iran and at facilities outside of Iran, which were established, operated, and supported by Iran through MOIS and the IRGC.

73.     In the early 1990's, the United States military developed a presence in Saudi Arabia. Iran viewed the presence of United States personnel, including members of the United States armed forces, as supportive of the Saudi monarchy. Iran believed that the Saudi monarchy

was pro-Western and corrupt and that a large-scale terrorist operation designed to kill Americans would result in both revolution and the establishment of an Islamic Republic of Saudi Arabia. The Iranian government, acting through MOIS and the IRGC and in concert with Hizbollah, began preparations for the bombing of a target associated with American interests.

74.    In 1995, Iran, through MOIS and the IRGC, began months of preparation for such an operation.  Hizbollah operatives began to scout potential United States targets in Saudi Arabia.  Shipments of explosives were smuggled into Saudi Arabia and stored.  An elaborate professional intelligence network was established to carry out the bombing.

75.    By June 1996, bomb components, including high explosives, incendiary materials, and sophisticated fuses and tools used for the bomb assembly, arrived in Saudi Arabia. Agents of Defendants Iran, MOIS, and the IRGC selected and approved a target in Dhahran, Saudi Arabia, to be destroyed by Hizbollah agents.  The target was Khobar Towers; a multi-story apartment building in the al-Khobar section of Dhahran, which housed United States Air Force and other United States military personnel.

76.    In June 1996, Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig were United States citizens and members of the United States Air Force.  They were stationed in

Dhahran, Saudi Arabia, and resided in Khobar Towers.  Decedents were tasked with enforcing the "no-fly zone" in southern Iraq.

77.    On the evening of June 25, 1996, two Hizbollah terrorists parked a stolen Mercedes Benz tanker truck containing a 5,000 pound bomb outside of the American sector of the Khobar Towers complex.  They parked the truck approximately 80 to 100 feet from the complex.  The two terrorists then escaped in a stolen getaway car.  Minutes later, the bomb exploded.

78.    The blast from the explosion sheared-off the entire face of the Khobar Towers complex, shattered windows a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-five feet wide and thirty-five feet deep.

79.    The explosion killed nineteen United States Air Force servicemen, including Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig.

## COUNT I
## WRONGFUL DEATH

80. Paragraphs 1 through 79 are incorporated herein as if fully set forth.

81. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig were killed by the explosion of a bomb deliberately detonated by Hizbollah outside of the Khobar Towers complex

Arabia. 82. Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

83. As a proximate result of these acts, Plaintiffs have been injured.

84. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT II
## SURVIVAL ACTION

85. Paragraphs 1 through 84 are incorporated herein as if fully set forth.

86. Before their deaths, Decedents Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall

Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig

suffered extreme bodily pain and suffering as a result of the Khobar Towers bombing, thereby

entitling their Estates to compensatory damages.

87.     Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible

for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert

with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

88.     As a proximate result of these acts, Plaintiffs have been injured.

89.     For the reasons stated above, Defendants are jointly and severally liable to

Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the

IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000)

for each Decedent's Estate.

## COUNT III
## ECONOMIC DAMAGES

90.     Paragraphs 1-89 are incorporated herein as if fully set forth.

91.     As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Hizbollah members, Plaintiffs incurred economic damages through the deprivation of

Decedents' income.

92.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for

Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert

with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

93.     As a proximate result of these acts, Plaintiffs have been injured.

94.     For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in an amount to be determined at trial for each Decedent's Estate.

## COUNT IV
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

95.     Paragraphs 1-94 are incorporated herein as if fully set forth.

96.     The act of detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill Americans and to cause emotional distress and grief to the Plaintiffs, and which, in fact, did kill Americans Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig, constituted extreme and outrageous conduct on the part of Hizbollah members and agents and all Defendants.

97.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiffs suffered extreme emotional distress, including extreme mental anguish, grief, and emotional and physical pain and suffering.

98. Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

99. As a proximate result of these acts, Plaintiffs have been injured.

100. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT V
## LOSS OF CONSORTIUM

101. Paragraphs 1-100 are incorporated herein as if fully set forth.

102. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Marie R. Campbell was deprived of the assistance, society, companionship, and consortium of her husband, Millard D. Campbell. This loss caused Marie R. Campbell to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

103. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Shyrl L. Johnson was deprived of the assistance, society,

companionship, and consortium of her husband Kevin J. Johnson.  This loss caused Shyrl L. Johnson to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

104.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Katie L. Marthaler was deprived of the assistance, society, companionship, and consortium of her husband, Brent E. Marthaler.  This loss caused Katie L. Marthaler to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

105.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Dawn Woody was deprived of the assistance, society, companionship, and consortium of her husband, Joshua E. Woody.  This loss caused Dawn Woody to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

Plaintiffs Marie R. Campbell, Shyrl L. Johnson, Katie L. Marthaler, and Dawn Woody demand that judgment be entered, jointly and severally, against Iran, MOIS, and the IRGC, in the amount of TEN MILLION DOLLARS ($10,000,000) for each of the Plaintiffs Marie R. Campbell, Shyrl L. Johnson, Katie L. Marthaler, and Dawn Woody.

## COUNT VI
## SOLATIUM

106.    Paragraphs 1-105 are incorporated herein as if fully set forth.

107.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Marie R. Campbell and Bessie A. Campbell were deprived of the assistance, society, and companionship of their husband and son, Millard D. Campbell. This loss caused them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

108.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Shyrl L. Johnson, Che G. Colson, Kevin Johnson, Nicholas A. Johnson, Laura E. Johnson, and Bruce Johnson were deprived of the assistance, society, and companionship of their husband, step-father, father, son, and brother, Kevin J. Johnson. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

109.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Bridget Brooks, James R. Rimkus, and Anne M. Rimkus were deprived of the assistance, society, and companionship of their son and brother, Joseph E. Rimkus. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

110.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Katie L. Marthaler, Sharon Marthaler, Herman C. Marthaler III, Matthew Marthaler, and Kirk Marthaler were deprived of the assistance, society, and companionship of their husband, son, and brother, Brent E. Marthaler. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

111.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiff Christopher R. Nguyen was deprived of the assistance, society, and companionship of his father, Thanh Van Nguyen.  This loss caused him to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

112.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Dawn Woody, Bernadine R. Beekman, George M. Beekman, Tracy M. Smith, Jonica L. Woody, and Timothy Woody were deprived of the assistance, society, and companionship of their husband, son, step-son, and brother, Joshua E. Woody.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

113.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Michael Morgera and Thomas Morgera were deprived of the assistance, society, and companionship of their brother, Peter J. Morgera.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

114.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Nancy R. Kitson, Kendall K. Kitson, Steve K. Kitson, and Nancy A. Kitson were deprived of the assistance, society, and companionship of their son and brother, Kendall Kitson, Jr.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

115.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Catherine Adams, John E. Adams, Patrick D. Adams, Michael T. Adams, Daniel Adams, William Adams, Mary Young, and Elizabeth Wolf were deprived of the assistance, society, and companionship of their son and brother, Christopher Adams.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

116.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior

officers and agents MOIS and the IRGC, Plaintiffs Cecil H. Lester, Judy Lester, Cecil H. Lester, Jr., and Jessica F. Lester were deprived of the assistance, society, and companionship of their son and brother, Christopher Lester. This loss caused each them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

117.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Lawrence E. Taylor, Vickie L. Taylor, and Starlina D. Taylor were deprived of the assistance, society, and companionship of their son and brother, Jeremy A. Taylor. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

118.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Thaddeus C. Fennig, Catherine Fennig, Mark Fennig, and Paul D. Fennig were deprived of the assistance, society, and companionship of their son and brother, Patrick P. Fennig. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

119.    For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against the defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT VII
## PUNTIVE DAMAGES

120.   Paragraphs 1-119 are incorporated herein as if fully set forth.

121.   The actions of Defendants Iran, MOIS, and the IRGC, acting in concert to carry out their unlawful objectives, were malicious and willful, wanton and reckless in their disregard of the lives of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.  Defendants intended to carry out actions that would end the lives of persons residing in the Khobar Towers complex, including the lives of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.  The actions of Hizbollah were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and those Defendants are, therefore, vicariously liable to Plaintiffs.

122.   Defendants MOIS, and the IRGC are officials, agents, and/or employees of Iran who performed acts within the scope of their offices, agencies, and/or employment, which caused the extrajudicial killings of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.

123.   For the reasons stated above, Defendants MOIS, and the IRGC, are jointly and severally liable to Plaintiffs.

Plaintiffs collectively demand that judgment be entered against Defendants MOIS, and the IRGC, jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.).

## PRAYER FOR RELIEF

Plaintiffs request that the Court grant judgment in their favor and against Defendants Iran, MOIS, and the IRGC on Counts I through VII, and grant Plaintiffs:

A.     Compensatory damages against Defendants Iran, MOIS, and the IRGC, in the amount of THREE BILLION SIX HUNDRED SIXTY MILLION DOLLARS ($3,660,000,000), plus economic damages in an amount to be determined at trial for each of Decedents' Estates;

B.     Punitive damages against Defendants MOIS, and the IRGC in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000);

C.     Reasonable costs and expenses;

D.     Reasonable attorneys' fees; and

E.     Such other and further relief that the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,


_____ /s/ _____
Shale D. Stiller, D.C. Bar No. MD00772
Kurt J. Fischer, D.C. Bar No. MD03300
Elizabeth R. Dewey, D.C. Bar No. 445334
Hank B. Walther, D.C. Bar No. 477218
Melissa L. Mackiewicz, D.C. Bar No. MD27005

PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Tel: (202) 861-3941
Fax: (202) 223-2085

Attorneys for Plaintiffs


<u>July 7, 2004</u>

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*, )<br><br>Defendants. ) | Civil Action No. 00-2329 (RCL) |
| ESTATE OF MILLARD D. CAMPBELL, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*, )<br><br>Defendants. ) | Civil Action No. 01-2104 (RCL) |

## ORDER & JUDGMENT

In accord with the Findings of Fact and Conclusions of Law issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against

defendants, jointly and severally, in the amount of $254,431,903.00, which shall be allocated in

the following manner:

### Estate and Surviving Family Members of Brent Marthaler

- $1,598,688.00 in economic damages to be allocated to the Estate of Brent
  Marthaler, by Katie Lee Marthaler as personal representative, for the
  benefit of Katie Lee Marthaler, Herman C. Marthaler, and Sharon

-1-

Marthaler, to be distributed in a manner consistent with the statute
governing intestate distribution of property under Florida law;

- $8 million to be allocated to Katie Lee Marthaler;
- $5 million to be allocated to Herman Marthaler;
- $5 million to be allocated to Sharon Marthaler;
- $2.5 million to be allocated to Matthew Marthaler;
- $2.5 million to be allocated to Kirk Marthaler

## Estate and Surviving Family Members of Justin Wood

- $5 million to be allocated to Richard Wood;
- $5 million to be allocated to Kathleen Wood;
- $2.5 million to be allocated to Shawn Wood;

## Estate and Surviving Family Members of Michael Heiser

- $3,720,019.00 in economic damages to be allocated to the Estate of
  Michael Heiser, by Fran and Gary Heiser as personal representatives, for
  the benefit of Fran and Gary Heiser;
- $5 million to be allocated to Fran Heiser;
- $5 million to be allocated to Gary Heiser;

## Estate and Surviving Family Members of Earl Cartrette, Jr.

- $5 million to be allocated to Denise Eichstaedt
- $2.5 million to be allocated to Anthony Cartrette
- $2.5 million to be allocated to Lewis Cartrette

## Estate and Surviving Family Members of Patrick Fennig

- $1,120,304.00 in economic damages to be allocated to the Estate of
  Patrick Fennig, by Thaddeus C. Fennig and Catherine Fennig as personal
  representatives, for the benefit of  Thaddeus C. Fennig and Catherine
  Fennig;
- $5 million to be allocated to Thaddeus C. Fennig;
- $5 million to be allocated to Catherine Fennig;
- $2.5 million to be allocated to Paul Fennig;

-2-

- $2.5 million to be allocated to Mark Fennig;

**Estate and Surviving Family Members of Christopher Adams**
- $3,153,953.00 in economic damages to be allocated to the Estate of Christopher Adams, by Catherine Adams as personal representative, for the benefit of Catherine Adams;
- $5 million to be allocated to Catherine Adams;
- $2.5 million to be allocated to Mary Young;
- $2.5 million to be allocated to Daniel Adams;
- $2.5 million to be allocated to Elizabeth Wolf;
- $2.5 million to be allocated to Patrick Adams;
- $2.5 million to be allocated to John Adams;
- $2.5 million to be allocated to William Adams;
- $2.5 million to be allocated to Michael Adams;

**Estate and Surviving Family Members of Thanh "Gus" Nguyen**
- $596,905.00 in economic damages to be allocated to the Estate of Thanh "Gus" Nguyen, by Christopher Nguyen as personal representative, for the benefit of Christopher Nguyen;
- $5 million to be allocated to Christopher Nguyen;

**Estate and Surviving Family Members of Brian McVeigh**
- $5 million to be allocated to Sandra M. Wetmore;

**Estate and Surviving Family Members of Joseph Rimkus**
- $5 million to be allocated to Bridget Brooks;
- $2.5 million to be allocated to James Rimkus;
- $2.5 million to be allocated to Anne Rimkus;

**Estate and Surviving Family Members of Kendall Kitson, Jr.**
- $2,183,460.00 in economic damages to be allocated to the Estate of Kendall Kitson, Jr., by Kendall Kitson, Sr., and Nancy R. Kitson as personal representatives, for the benefit of Kendall Kitson, Sr., and Nancy R. Kitson;

-3-

- •    $5 million to be allocated to Kendall Kitson, Sr.;
- •    $5 million to be allocated to Nancy R. Kitson;
- •    $2.5 million to be allocated to Steve K. Kitson;
- •    $2.5 million to be allocated to Nancy A. Kitson;

**Estate and Surviving Family Members of Jeremy Taylor**

- •    $5 million to be allocated to Lawrence Taylor;
- •    $5 million to be allocated to Vickie Taylor;
- •    $2.5 million to be allocated to Starlina Taylor;

**Estate and Surviving Family Members of Joshua Woody**

- •    $1,981,521.00 in economic damages to be allocated to the Estate of Joshua Woody, by Dawn Woody as personal representative, for the benefit of Dawn Woody;
- •    $8 million to be allocated to Dawn Woody;
- •    $5 million to be allocated to Bernadine Beekman;
- •    $2.5 million to be allocated to Tracy Smith;
- •    $2.5 million to be allocated to Jonica Woody;
- •    $2.5 million to be allocated to Timothy Woody;

**Estate and Surviving Family Members of Leland "Tim" Haun**

- •    $2,822,796.00 in economic damages to be allocated to the Estate of Leland "Tim" Haun, by Ibis "Jenny" Haun as personal representative, for the benefit of Ibis "Jenny" Haun, Senator Haun, and Milly Perez-Dallis, to be distributed in a manner in accordance with the method of intestate distribution under California law;
- •    $8 million to be allocated to Ibis "Jenny" Haun;
- •    $5 million to be allocated to Senator Haun;
- •    $7 million to be allocated to Milly Perez-Dallis;

**Estate and Surviving Family Members of Christopher Lester**

- •    $1,960,466.00 in economic damages, plus $500,000.00 in pain and suffering damages to be allocated to the Estate of Christopher Lester, by

-4-

Cecil Lester, Sr., and Judy Lester as personal representatives, for the benefit of Cecil Lester, Sr., Judy Lester, Cecil Lester, Jr., and Jessica Lester, to be distributed in a manner in accordance with the method of intestate distribution under Ohio law;

- $5 million to be allocated to Cecil Lester, Sr.;
- $5 million to be allocated to Judy Lester;
- $2.5 million to be allocated to Cecil Lester, Jr.;
- $2.5 million to be allocated to Jessica Lester;

## Estate and Surviving Family Members of Kevin Johnson, Sr.

- $1,171,477.00 in economic damages to be allocated to the Estate of Kevin Johnson, Sr., by Shyrl Johnson as personal representative, for the benefit of Shyrl Johnson, Kevin Johnson, Jr., and Nicholas Johnson, to be distributed in a manner in accordance with the method of intestate distribution under Louisiana law;
- $8 million to be allocated to Shyrl Johnson;
- $5 million to be allocated to Kevin Johnson, Jr.;
- $5 million to be allocated to Nicholas Johnson;

## Estate and Surviving Family Members of Peter Morgera

- $50,000.00 in economic damages to be allocated to the Estate of Peter Morgera, by Michael Morgera as personal representative, for the benefit of Michael Morgera and Thomas Morgera, to be distributed in a manner in accordance with the method of intestate distribution under New Hampshire law;
- $2.5 million to be allocated to Michael Morgera;
- $2.5 million to be allocated to Thomas Morgera;

## Estate and Surviving Members of Millard "Dee" Campbell

- $1,572,314.00 in economic damages to be allocated to the Estate of Millard "Dee" Campbell, by Marie Campbell as personal representative, for the benefit of Marie Campbell and Bessie Campbell, to be distributed

-5-

EXHIBIT C, PAGE 57

in a manner in accordance with the method of intestate distribution under Texas law;

- $8 million to be allocated to Marie Campbell;
- $5 million to be allocated to Bessie Campbell;

IT IS FURTHER ORDERED that the claims for compensatory damages in the form of lost wages and future earnings for the estates of the following decedents are hereby DENIED:

- Estate of Justin Wood
- Estate of Earl Cartrette, Jr.
- Estate of Brian McVeigh
- Estate of Joseph Rimkus
- Estate of Jeremy Taylor

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are hereby DISMISSED WITH PREJUDICE:

- James V. Wetmore
- George Beekman
- Che Colson
- Laura Johnson
- Bruce Johnson

IT IS FURTHER ORDERED that plaintiffs, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and Conclusions of Law issued this date to defendants.

IT IS FURTHER ORDERED that the Clerk of this Court shall terminate this case from the dockets of this Court.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, December 22, 2006.


-6-


EXHIBIT C, PAGE 58

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF MICHAEL HISER, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | 00-CV-02329 (RCL) |
| v. | ) | |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) | |
| | ) | |
| Defendants | ) | **Consolidated With** |
| ——————————————— | ) | |
| | ) | |
| ESTATE OF MILLARD D. CAMPBELL, et. al. | ) | |
| | ) | 01-CV-02104 (RCL) |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) | |
| | ) | |
| Defendants | ) | |

### ORDER

The Plaintiffs' Motion for Supplemental Relief [#127] is granted in part and denied in part. The motion is GRANTED insofar as plaintiffs now seek to proceed with their claims under 28 U.S.C. § 1605A. Plaintiffs are hereby entitled to proceed with their action under § 1605A.

The request for monetary damages, however, is DENIED at this time. The additional compensatory and punitive damages sought by plaintiffs will be taken under advisement by the Court. A separate judgment of monetary damages will be issued in due course.

ROYCE C. LAMBERTH
Chief Judge

**EXHIBIT D, PAGE 59**

**EXHIBIT E**

## IN THE UNITED STATES DISTRICT COURT
## FOR THIS DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>Defendants | Case No.<br><br>00-CV-02329 (RCL)<br><br>**Consolidated With** |
| ESTATE OF MILLARD D. CAMPBELL, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>Defendants | Case No.<br><br>01-CV-02104 (RCL) |

### ORDER

UPON CONSIDERATION of the Motion for Approval of Form and Procedure for *Lis Pendens* (the "Motion") filed by the Plaintiffs/Judgment Creditors in the above-referenced matter, it is this 31st day of _____ MARCH _____, 2008, by the United States District Court for the District of Columbia, **ORDERED**:

1.      That the Motion is hereby GRANTED;

2.      The form of Notice of *Lis Pendens* attached to the Motion is hereby APPROVED;

3.      The Plaintiffs/Judgment Creditors shall be authorized to file Notices of *Lis Pendens* in the form approved by this Court in judicial districts where they believe assets subject to attachment in aid of execution, or execution, are located pursuant to 28 U.S.C. § 1605A(g).

4.      The Clerk's offices where the Plaintiffs/Judgment Creditors file such Notices of *Lis Pendens* shall accept such Notices of *Lis Pendens* for filing.  The Clerk's offices shall file the *Notice of Lis Pendens* on the miscellaneous docket or in the same manner as any pending action and it shall be indexed by listing as defendants all persons/entities identified in the Notice of *Lis Pendens*.

_____/s/_____
**Judge Royce C. Lamberth**

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT FOR _____

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, *et al.*<br><br>           Plaintiffs<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>           Defendants | Case No.<br><br>_____ |
| ESTATE OF MILLARD D. CAMPBELL, *et al.*<br><br>           Plaintiffs<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*<br><br>           Defendants | |

## NOTICE OF *LIS PENDENS*

PURSUANT TO 28 U.S.C. § 1605A(g), NOTICE IS HEREBY GIVEN that on December 26, 2006, Judgment Creditors, (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) Richard W. Wood; (9) Kathleen M. Wood; (10) Shawn M. Wood; (11) Denise M. Eichstaedt; (12) Anthony W. Cartrette; (13) Lewis W. Cartrette; (14) Sandra M. Wetmore; (15) the Estate of Millard D. Campbell, deceased; (16) Marie R. Campbell; (17) Bessie A. Campbell; (18) the Estate of Kevin J. Johnson, deceased; (19) Shyrl L. Johnson; (20) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (21) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (22) Bridget Brooks; (23) James R. Rimkus; (24) Anne M. Rimkus; (25) the Estate of Brent E. Marthaler, deceased; (26) Katie L. Marthaler; (27) Sharon Marthaler; (28) Herman C. Marthaler

III; (29) Matthew Marthaler; (30) Kirk Marthaler; (31) the Estate of Thanh Van Nguyen, deceased; (32) Christopher R. Nguyen; (33) the Estate of Joshua E. Woody, deceased; (34) Dawn Woody; (35) Bernadine R. Beekman; (36) Tracy M. Smith; (37) Jonica L. Woody; (38) Timothy Woody; (39) the Estate of Peter J. Morgera, deceased; (40) Michael Morgera; (41) Thomas Morgera; (42) the Estate of Kendall Kitson, Jr., deceased; (43) Nancy R. Kitson; (44) Kendall K. Kitson; (45) Steve K. Kitson; (46) Nancy A. Kitson; (47) the Estate of Christopher Adams, deceased; (48) Catherine Adams; (49) John E. Adams; (50) Patrick D. Adams; (51) Michael T. Adams; (52) Daniel Adams; (53) Mary Young; (54) Elizabeth Wolf; (55) William Adams; (56) the Estate of Christopher Lester, deceased; (57) Cecil H. Lester; (58) Judy Lester; (59) Cecil H. Lester, Jr.; (60) Jessica F. Lester; (61) Lawrence E. Taylor; (62) Vickie L. Taylor;(63) Starlina D. Taylor; (64) the Estate of Patrick P. Fennig, deceased; (65) Thaddeus C. Fennig; (66) Catherine Fennig; (67) Paul D. Fennig; and (68) Mark Fennig, obtained a judgment in the aggregate amount of $254,431,903.00 (the "Judgment") against the Islamic Republic of Iran, Iranian Ministry of Information and Security, and Iranian Islamic Revolutionary Guard Corps in the United States District Court for the District of Columbia, Consolidated Case Nos. 00-CV-02329 and 01-CV-02104.

Pursuant to 28 U.S.C. § 1605A, the Judgment Creditors and Plaintiffs, (1) the Estate of Justin Wood, deceased, (2) the Estate of Earl Cartrette, Jr., deceased, (3) the Estate of Brian McVeigh, deceased, (4) the Estate of Joseph Rimkus, deceased (5) the Estate of Jeremy Taylor, deceased, (6) James Wetmore, (7) George Beekman, (8) Che Colson, a minor, by his legal guardian Shyrl L. Johnson, (9) Laura Johnson, and (10) Bruce Johnson have filed a motion to obtain additional supplemental damages in the amount of approximately $642,158,063.00.

Pursuant to 28 U.S.C. § 1605A(g), the Plaintiffs hereby provide notice of the Judgment and the motion to obtain supplemental damages which affect all property located in this judicial district owned by any of the following persons/entities:

1.    ISLAMIC REPUBLIC OF IRAN;

2.    IRANIAN MINISTRY OF INFORMATION AND SECURITY;

3.    IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS;

4.    [    OTHER PERSON/ENTITY     ]

Attached hereto as Exhibits are true and correct copies of the Third Amended Complaints, December 22, 2006 Order & Judgment, Motion for Supplemental Relief, and _____, 2008 Order approving this Notice of *Lis Pendens*.

Dated: _____, 2008

                                   Respectfully submitted,

                                   _____

**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MICHAEL HEISER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | 00-CV-2329 (RCL) |
| ) | |
| Defendants. ) | |
| _____ ) | Consolidated With |
| ) | |
| ESTATE OF MILLARD D. CAMPBELL, ) | 01-CV-2104 (RCL) |
| *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER & JUDGMENT

In accordance with the opinion issued in these consolidated actions on this date, it is hereby

ORDERED that this ORDER AND JUDGMENT is in addition to, and thereby supplements, the Court's previous Order and Judgment [Dk. 134] entered in these actions on December 22, 2006.

IT IS FURTHER ORDERED that the portion of the Court's prior Order and Judgment [Dk. 134] in which the Court denied compensatory damages in the form of lost wages and future earnings for the following estates:

Estate of Justin Wood,

Estate of Earl Cartrette, Jr.,

Estate of Brian McVeigh,

Estate of Joseph Rimkus, and

Estate of Jeremy Taylor

is hereby VACATED.

IT IS FURTHER ORDERED that the portion of this Court's prior Order and Judgment [Dk. 134] in which the Court dismissed with prejudice claims brought by the following plaintiffs:

James V. Wetmore,

George Bekkman,

Che Colson,

Laura Johnson, and

Bruce Johnson

is hereby VACATED.

It is FURTHER ORDERED that Default Judgment be entered in favor of plaintiffs and against defendants, jointly and severally, for compensatory damages in the amount of $36,658,063, which shall be allocated in the following manner:

Estate of Justin Wood

- $1,904,797 in economic damages to be allocated to the Estate of Justin Wood.

EXHIBIT F, PAGE 65

Estate of Earl Cartrette, Jr.

- $2,065,756 in economic damages to be allocated to the Estate of Earl Cartrette, Jr.

Estate of Brian McVeigh

- $1,960,467 in economic damages to be allocated to the Estate of Brian McVeigh.

Surviving Member of Brian McVeigh

- $5,000,000 in compensatory damages to be allocated to James Wetmore.

Surviving Member of Joshua Woody

- $5,000,000 in compensatory damages to be allocated to George Beekman

Estate of Joseph E. Rimkus

- $1,136,986 in economic damages to be allocated to the Estate of Joseph E. Rimkus.

Estate of Jeremy Taylor

- $845,680 in economic damages to be allocated to the Estate of Jeremy Taylor.

Estate and Surviving Members of Peter Morgera

- $1,244,377 in economic damages to be allocated to the Estate of Peter Morgera.

Surviving Members of Kevin J. Johnson

- $5,000,000 in compensatory damages to be allocated to Che Colson.

- $5,000,000 in compensatory damages to be allocated to Laura Johnson.

- $2,500,000 in compensatory damages to be allocated to Bruce Johnson.

IT IS FURTHER ORDERED that Default Judgment be entered in favor of all plaintiffs and against all defendants, jointly and severally, for punitive damages in the amount of $300,000,000.

IT IS FURTHER ORDERED that plaintiffs, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and Conclusions of Law issued this date to defendants.

IT IS FURTHER ORDERED that the Clerk of this Court shall terminate this case from the dockets of this Court.

**SO ORDERED.**


**ROYCE C. LAMBERTH**
**CHIEF JUDGE**

**United States District Court**
**Washington, D.C.**
**September 30, 2009**

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Estate of Michael Heiser, et al. (See Attachment) | Islamic Republic of Iran, et al. (See Attachment) |

**FILED**

**NOV 19 2009**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**'09 MC 09 41**

| (b) County of Residence of First Listed Plaintiff N/A | County of Residence of First Listed Defendant Property Subject to Notice of Lis |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | Pendens is in this judicial district |
| | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Brooke L. Killian | |
| DLA Piper US LLP | |
| 401 B Street, Suite 1700 | |
| San Diego, CA 92101 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | **IMMIGRATION** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 462 Naturalization Application | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Notice of Lis Pendens Pursuant to 28 U.S.C. 1605A(G)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 0.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 19, 2009 | Brooke L. Killian |

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET
Attachment


I. (a)   Plaintiffs

Estate of Michael Heiser, deceased; Gary Heiser; Francis Heiser; the Estate of Leland Timothy
Haun, deceased; Ibis S. Haun; Milagritos Perez-Dalis; Senator Haun; the Estate of Justin R.
Wood, deceased; Richard W. Wood; Kathleen M. Wood; Shawn M. Wood; the Estate of Earl F.
Cartrette, Jr., deceased; Denise M. Eichstaedt; Anthony W. Cartrette; Lewis W. Cartrette; the
Estate of Brian McVeigh, deceased; Sandra M. Wetmore; James V. Wetmore; the Estate of
Millard D. Campbell, deceased; Marie R. Campbell; Bessie A. Campbell; the Estate of Kevin J.
Johnson, deceased; Shyrl L. Johnson; Che G. Colson; Kevin Johnson, a minor, by his legal
guardian Shyrl L. Johnson; Nicholas A. Johnson, a minor, by his legal guardian Shyrl L.
Johnson; Laura E. Johnson; Bruce Johnson; the Estate of Joseph E. Rimkus, deceased; Bridget
Brooks; James R. Rimkus; Anne M. Rimkus; the Estate of Brent E. Marthaler, deceased; Katie
L. Marthaler; Sharon Marthaler; Herman C. Marthaler III; Matthew Marthaler; Kirk Marthaler;
the Estate of Thanh Van Nguyen, deceased; Christopher R. Nguyen; the Estate of Joshua E.
Woody, deceased; Dawn Woody; Bernadine R. Beekman; George M. Beekman; Tracy M.
Smith; Jonica L. Woody; Timothy Woody; the Estate of Peter J. Morgera, deceased; Michael
Morgera; Thomas Morgera; the Estate of Kendall Kitson, Jr., deceased; Nancy R. Kitson;
Kendall K. Kitson; Steve K. Kitson; Nancy A. Kitson; the Estate of Christopher Adams,
deceased; Catherine Adams; John E. Adams; Patrick D. Adams; Michael T. Adams; Daniel
Adams; Mary Young; Elizabeth Wolf; William Adams; the Estate of Christopher Lester,
deceased; Cecil H. Lester; Judy Lester; Cecil H. Lester, Jr.; Jessica F. Lester; the Estate of
Jeremy A. Taylor, deceased; Lawrence E. Taylor; Vickie L. Taylor; Starlina D. Taylor; the
Estate of Patrick P. Fennig, deceased; Thaddeus C. Fennig; Catherine Fennig; Paul D. Fennig;
and Mark Fennig


I. (a)   Defendants

Islamic Republic of Iran, Iranian Ministry of Information and Security, and Iranian Islamic
Revolutionary Guard Corps.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007549
Cashier ID: mbain
Transaction Date: 11/23/2009
Payer Name: CENTRAL ATTORNEY SERVICES
-----------------------------------
MISCELLANEOUS PAPERS
 For: CENTRAL ATTORNEY SERVICES
 Case/Party: D-CAS-3-09-MC-000941-001
 Amount:       $39.00
-----------------------------------
CHECK
 Check/Money Order Num: 12629
 Amt Tendered: $39.00
-----------------------------------
Total Due:     $39.00
Total Tendered: $39.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```